# United States District Court

## DISTRICT OF THE NORTHERN MARIANA ISLANDS

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

**F I L E D**
Clerk
District Court

MAY 27 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

**20 Envelopes Received from Ferlina Mori**

**CASE NUMBER:**

MC 08 - 0 0 0 2 6

F I L E D
Clerk
District Court
MAY 05 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

I, **Craig W. Wyly,** being duly sworn depose and say:

I am a(n)      **Special Agent for The Internal Revenue
Service, Criminal Investigation**                    and have reason to believe
Official Title

that ☐on the person of or ☒on the property or premises known as (name, description and/or location)

**See Attachment A of the attached affidavit which is incorporated as part of this Application for Search
Warrant.**

in the Judicial District of THE NORTHERN MARIANA ISLANDS
there is now concealed certain property, namely

**See Attachment B of the attached affidavit which is incorporated as part of this Application for Search
Warrant.**

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**Evidence, fruits and instrumentalities of crimes against the United States.**

concerning a violation of Title  18   United States code, Section(s) 2314 and 2421
The facts to support a finding of Probable Cause are as follows:

**Attached Affidavit of Special Agent Craig W. Wyly, IRS-CI, incorporated herein by reference.**

Continued on the attached sheet and made a part hereof.        ☒ Yes    ☐ No

_____
Signature of Affiant

**Sworn to before me, and
subscribed in my presence**

May 27, 2008  11:25 a m  at      Saipan, MP
Date                                           City and State

**Alex R. Munson,**
**Chief United States District Judge**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

Page 1 of 1

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

IN THE MATTER OF THE SEARCH OF )

20 Envelopes Received from Ferlina Mori )

Case No. **MC 08 - 00 0 2 6**

**AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT**

I, Craig Wyly, state that:

1. I am a Special Agent employed by the Internal Revenue Service, Criminal Investigation, and have held this position for approximately seven years.  I have successfully completed the 11 week Criminal Investigator Training Course at the Federal Law Enforcement Training Center and the 16 week Special Agent Basic Training course put on by the Internal Revenue Service. During this time I have either conducted and been involved in investigations concerning Title 26 (Income Tax), Title 18 (Conspiracy and Money Laundering), and Title 31 (Bank Secrecy Act) violations by individuals involved in both legal and illegal occupations.  I have participated in the execution of search warrants involving investigations ranging from tax cases to money laundering and drug offenses.

2. As a special agent, one of my functions includes investigating individuals engaged in conduct designed to violate the Internal Revenue Laws and related offenses (tax evasion or aiding and abetting in the preparation of false income tax returns, or filing of false or fraudulent income tax return(s) or filing false claims).

3. I have participated in writing affidavits supporting and in the execution of numerous federal search warrants involving criminal income tax charges, money laundering, narcotics violations, and other criminal activities during which evidence of criminal violations was seized.

**Background and Locations to be Searched**

4.  I am the case agent for an investigation into allegations of federal offenses in relation to Luciano L. Dereas (a/k/a Julius Dereas).  There is probable cause to believe that Luciano Dereas has committed federal offenses to include assisting in filing of false tax return(s) in violation of 26 USC § 7206(2) and filing of false, fictitious or fraudulent claims in violation of 18 USC § 287.  As set forth in this affidavit, there also is probable cause to believe that evidence of these violations, as set forth in Attachment B, will be found in the 20 sealed containers (envelopes) obtained by investigators from Luciano Dereas' associates Kokchy Mori and Ferlina Mori on March 27, 2008.  Therefore, I submit this affidavit in support of search warrants for the following locations, items, or containers also described in Attachment A:

-   Windowed envelope (sealed and unopened) addressed to Gregorio Arriola from Department of the Treasury Financial Management Service Regional Financial Center, P.O. Box 51315, Philadelphia, Pennsylvania 19115-6315

-   Windowed envelope (sealed and unopened) addressed to Peter Bernard from Department of the Treasury Financial Management Service Regional Financial Center, P.O. Box 51315, Philadelphia, Pennsylvania 19115-6315

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Ham M. Kikku

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Baldasar Likisap

1

2

3

4

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Binar N. Sambile ▆▆▆▆▆▆▆▆▆▆
  ▆▆▆▆▆▆▆▆

5

6

7

8

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Cyril Rabauliman ▆▆▆▆▆▆▆▆
  ▆▆▆▆▆▆▆▆▆

9

10

11

12

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Rana Tisa Apt. ▆▆▆▆▆▆▆▆
  ▆▆▆▆▆▆▆

13

14

15

16

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Sanrine Nuwekin ▆▆▆▆▆▆▆
  ▆▆▆▆▆▆▆▆

17

18

19

20

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Erenio Cholymay ▆▆▆▆▆▆▆▆
  ▆▆▆▆▆▆▆▆

21

22

23

24

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Kasimiro Christian ▆▆▆▆▆▆▆
  ▆▆▆▆▆▆▆▆

25

26

27

28

- Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
  Fresno, CA 93888-0002 from Baileen Kintin ▆▆▆▆▆▆▆▆
  ▆▆▆▆▆▆

1

2

3

4

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Flapia Philling

5

6

7

8

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from William S. Kaipat

9

10

11

12

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Jeania L. Sokau

13

14

15

16

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Mismar K. Misaro

17

18

19

20

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Rising Aiken

21

22

23

24

-   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Timothy Reyes

25

26

27

28

-   Envelope (sealed and unopened) from IRS Department of the Treasury Internal Revenue Service Fresno, CA 93888-0034 addressed to Neiman S. Suda at

- 4 -

- Envelope (sealed and unopened) from IRS Department of the Treasury Internal Revenue Service Fresno, CA 93888-0025 addressed to Neiman S. Suda at ▮

- Sealed and unopened envelope from Social Security Administration PO Box 33018 Baltimore, MD 21290-3018 addressed to Dien T. Mathew ▮

5. The information contained in this affidavit was obtained through interviews and telephone conversations, review of IRS records, and review of public records and law enforcement databases.  This affidavit includes information obtained through my personal observation as well as information relayed to me by other law enforcement personnel deemed to be reliable. This affidavit does not contain every fact known to me regarding this investigation, but only those necessary to establish probable cause.

**<u>Overview of Filing Requirements</u>**

6. The CNMI has its own tax system based partly on the same tax laws and tax rates that apply to the United States and partly on local taxes imposed by the Commonwealth of the Northern Marianas Islands (CNMI) government.  According to an official with the CNMI Division of Revenue and taxation, local residents of Saipan who earn income on Saipan are required to file their tax returns with the CNMI Division of Revenue and Taxation.

7. According to IRS Publication 570, "If you are a U.S. Citizen, resident alien, or non-resident alien resident and a bone fide resident of the CNMI during the entire tax year, you file your tax return with the CNMI."

8. IRS Publication 570 also states in part, "Generally, if you are a bone fide resident of a U.S. possession (CNMI) you cannot claim EIC on your U.S. tax return...."  "To claim EIC on your

- 5 -

1   U.S. tax return, your home (and your spouses if filing a joint return) must have been in the

2   United States for more than half the year. For this purpose, the United States includes only the

3   50 states and the District of Columbia."

4

5   9.   Prior to 2006, an individual could claim the Earned Income Credit (EIC) on a CNMI Territorial

6       Individual Tax Return, but the credit was not a refundable credit because it was recaptured in

7       the year it was claimed.  The CNMI did not extend the EIC to taxpayers for the year 2006.

8

9                                    **Overview of Investigation**

10  10. In November 2007 a criminal investigation was initiated concerning income tax matters related

11      to the activities of Luciano Dereas.  Luciano Dereas, a resident of CNMI and the island of

12      Saipan, has been unemployed since 1998.  Beginning as early as March 2006 and continuing to

13      March 2008, Luciano Dereas engaged in preparation of false, fraudulent U.S. Individual

14      Income Tax returns for Saipan residents which were filed with the Internal Revenue Service

15      claiming refunds from the United States government.   These tax returns fraudulently reflect

16      U.S. mainland addresses for the purpose of obtaining large tax refunds, including refundable

17      portions of the EIC.  Luciano Dereas prepared the returns in the Commonwealth of the

18      Northern Marianas Islands (CNMI) on the island of Saipan.  As part of his scheme, Luciano

19      Dereas employed the use of intermediaries to file the returns and receive refund checks on his

20      behalf.  These intermediaries were located in the Continental United States; more specifically in

21      Oregon, Arkansas, and elsewhere.

22

23  26 USC 7206(2) – False Returns

24  11. This case involves Luciano Dereas' willful preparation of U.S. income tax returns for Saipan

25      residents for the tax years 2004, 2005, and 2006.  Luciano Dereas prepared these returns

26      knowing the returns contained materially false and fraudulent information related to the address

27      of the individual taxpayers. This investigation has identified numerous tax returns filed with

28      the Internal Revenue Service associated with the activities of Luciano Dereas.  The preparation

                                          - 6 -

and filing of these returns will be described in more detail in the following affidavit.

18 USC 287 – False Claims

12. My review of tax returns prepared and filed by Luciano Dereas shows Dereas may have committed violation(s) of Title 18 USC 287 related to the filing of false claims when he filed U.S. Individual Income Tax Returns for CNMI residents claiming refundable portions of the Earned Income Credit (EIC).

13. Based on my review of tax information, public and law enforcement databases, interviews, and telephone conversations I believe there is probable cause that Luciano Dereas may have committed the above violations of filing false tax returns and filing of false claims and that evidence of the type more particularly described in Attachment B will be located in the sealed containers (envelopes) described in Attachment A to this affidavit and Paragraph 4 above.

**Investigation**

Explanation of Luciano Dereas:

14. On December 21, 2007 Law Enforcement Officers interviewed Luciano Dereas. Dereas told investigators he began preparing returns for other people in 2006. During 2006, Dereas filed returns for people with the IRS for the 2004 and 2005 tax years. Dereas prepared some returns for filing with the IRS in 2006 and some in 2007. Dereas said he knew when he was preparing returns for filing with the IRS the refunds would not be received if he used an address in Saipan. Dereas decided to use an address in the US mainland to avoid this and get the refunds. Dereas used the addresses in the US mainland knowing they were not the taxpayer's true addresses. Dereas told investigators he knew the addresses he was using on the returns filed with the IRS were "false" information.

15. When Dereas was preparing tax returns, he would tell people to bring their Form W2, SSN,

Dependant's SSN and date of birth.  Dereas asked customers for an address in the States.  If the customer did not have such and address, then Dereas provided one.  Dereas told investigators no one ever provided him with a US mainland address.

16. Dereas said he asked his "very good friends" in the States to use their addresses to receive and forward mail from the IRS.  Dereas used two addresses but he did not pay anyone a fee for this. The addresses Dereas used were as follows:

Begonia Kaipat (Kaipat)

Mario Mori (Mori)

17. Dereas stated he mailed returns for clients to the IRS (through Mori and Kaipat) using the US Postal Service mail, express mail or priority mail for a cost of approximately $4.50.  Dereas bundled approximately 10 returns at a time and sent them directly from Saipan to Mori in Salem, Oregon or Kaipat in Fayetteville, Arkansas.  Dereas directed Mori and Kaipat to open each package when they received it and mail each return to the IRS separately.  Dereas told Mori to send the returns to the IRS at an address in Fresno, California and Kaipat to send returns to the IRS at an address in Texas.

18. Dereas instructed Mori and Kaipat to do this knowing if he mailed the returns from Saipan the refunds might not come.  Dereas also knew at the time, the addresses on the returns he had prepared and was filing were not the individual's real address and just the addresses of his associates.

19. Dereas told Mario Mori he would be receiving letters from the IRS in the mail.  Dereas told Mori he should send the letters to Dereas in Saipan by mail.  Dereas told investigators Mario

- 8 -

Mori used express mail and forwarded two bundles of refund checks received from the IRS to Dereas in Saipan.

20. Dereas did not pay for the mail he received from Mori. Dereas recalls the postage cost about $4.50 each time. One package Dereas received from Mario contained less than ten checks and one package contained about eleven checks. Dereas no longer has any of the envelopes he received from Mario.

21. Dereas did receive some compensation from people for whom he had prepared and filed returns for the IRS. Dereas estimates he received around $5,000.00 to $6,000.00 in total. Some gave Dereas $200.00 and some gave Dereas around $300.00. Dereas prepared the returns with the expectation that some people would pay him some money. Some people followed through and paid Dereas and some did not.

22. Dereas provided four pages of lists of names to investigators. Dereas produced the lists of taxpayer names to track the returns, fees, and the status of the refunds for the returns he prepared. The lists identified the names on 58 tax returns for the years 2005 and 2006 prepared by Dereas, 20 of which Dereas identified as having been mailed to Mori. Dereas further identified in the lists the names for 32 tax returns he prepared and mailed to Kaipat approximately 6 returns he gave back to the individuals for addressing and mailing on their own.

Tax Records:

23. I caused a check of Internal Revenue Service records that included use of the Electronic Fraud Detection System (EFDS) for returns filed for the names of the individuals and tax years indicated on the lists provided by Dereas. To date, of the 20 returns Dereas identified as having been mailed to Mario Mori I have been able to identify a record of filing with the IRS for 13 of these individuals.

24. My review of the IRS records shows that the 13 returns all used an address of ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; claimed Earned Income Credit (EIC) in various amounts between $1,150.00 and $5,680.00; and claimed refunds in various amounts from between $1,150 and $5,843.00 as follows:

| Name | Tax Year | EIC | Refund |
|------|----------|-----|--------|
| Dien Mathew | 2004 | $ 1738 | $ 5843 |
| Frankie Inoke | 2006 | $ 4190 | $ 4279 |
| Jacy Hapdei | 2006 | $ 3070 | $ 3070 |
| Joaquin Buekis | 2006 | $ 2430 | $ 2430 |
| Ben Kintin | 2006 | $ 3090 | $ 3090 |
| Kanistus Kanaka | 2006 | $ 2110 | $ 2116 |
| Savage Achime | 2006 | $ 1709 | $ 1709 |
| Dien Mathew | 2006 | $ 4536 | $ 5680 |
| Jimmy Akin | 2006 | $ 3890 | $ 4241 |
| Kenty Robert | 2006 | $ 2870 | $ 2870 |
| Janet Dereas | 2006 | $ 1150 | $ 1150 |
| Luciano Simon | 2006 | $ 3470 | $ 3607 |
| Thompson Chipwelong | 2006 | $ 3070 | $ 3144 |

25. I caused a search of IRS records for copies of refund checks issued for returns filed for the names of the individuals and tax years indicated on the lists provided by Dereas. To date, of the 20 returns Dereas identified as having been mailed to Mario Mori, copies of at least 12 refund checks have been located. My review of these checks indicates each was issued in the name of the individual and mailed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ These refund checks were issued in amounts ranging between $45.65 and $5,843.00 as follows:

- 10 -

| Name | Tax Year | Amount |
|---|---|---|
| Dien Mathew | 2004 | $ 5843.00 |
| Joanna Mallari | 2006 | $ 2791.00 |
| Jacy Hapdei | 2006 | $ 3070.00 |
| Ben Kintin | 2006 | $ 3090.00 |
| Kanistus Kanaka | 2006 | $ 2116.00 |
| Savage Achime | 2006 | $ 1709.00 |
| Dien Mathew | 2006 | $    45.65 |
| Jimmy Akin | 2006 | $ 4241.00 |
| Kenty Robert | 2006 | $ 2870.00 |
| Janet Dereas | 2006 | $ 1150.00 |
| Luciano Simon | 2006 | $ 3607.00 |
| Thompson Chipwelong | 2006 | $ 3144.00 |

26. I caused a check of the Internal Revenue Service records that included use of the Electronic Fraud Detection System (EFDS) for returns filed using the address of ▬▬▬▬▬ ▬▬▬▬▬ This search revealed at least six other returns not on the list provided by Dereas filed using this address. Information from these returns is as follows

| Name | Tax Year | EIC | Refund |
|---|---|---|---|
| Neiman Suda | 2006 | $ 2050 | $ 2051 |
| Romeo Saimon | 2006 | $ 2574 | $ 7756 |
| Kernes Esner | 2006 | $ 2750 | $ 2750 |
| Kernes Esner | 2004 | $ 1730 | $ 1730 |
| Ferlina Mori | 2005 | $ 4400 | $ 4805 |

Witness Statements:

27. On December 27, 2007, Dien Mathew was interviewed.  Mathew told investigators Luciano Dereas prepared his 2004, 2005, and 2006 tax returns.  Mathew first heard about Dereas from a friend in 2004.  According to Mathew's friend, Dereas had prepared off-island tax returns in which he got a large amount of money back.

28. Mathew approached Dereas and asked if could, "fix a tax return for me."  Dereas agreed and prepared a tax return for Mathew for tax year 2003 or 2004.  Mathew explained that he was unsure which tax year Dereas had first prepared.  Once the return had been prepared, Dereas informed Mathew that it would be better if he brought the tax return to the states; that it didn't matter where, and submit the return for processing.  Mathew flew to Portland, Oregon and submitted the prepared tax return to a "tax office" for processing.  Mathew stayed at his niece's house in Portland waiting for notification from the "tax office" that the tax return had successfully been processed but when he didn't hear anything from the "tax office" Mathew flew back to Saipan.

29. Approximately two weeks after returning to Saipan, Mathew's niece called him to inform him that the return had been processed and he had to fly back to sign for the check.

30. Mathew flew back to Portland and signed for a refund check of approximately $6,800 from the "tax office."

31. Mathew didn't pay a fee to Dereas for preparing his return, but he gave Dereas $50 or $100 as a token of his "appreciation" after he received the refund from the IRS.

32. Dereas also prepared Mathew's 2005 tax return.  Mathew was going to hand carry his 2005 tax return and submit it to the tax office in Portland, Oregon similar to what he did for the previous

- 12 -

1   year, but the plane was full and he couldn't get on a flight out so Dereas agreed to file the return
2   for Mathew.

33. Mathew stated that Dereas told him that it was okay because he had a bunch he was sending
     and he was going to put in a pouch with the others.

34. Mathew received a refund for the 2005 tax return and as a token of his appreciation, Mathew
     paid Dereas $300.

35. Mathew stated that Dereas also prepared a 2006 tax return that was filed with the IRS.  Mathew
     negotiated the refund check at a local store for cash and goods.  When the store attempted to
     deposit the refund check into the business checking account, the bank refused to honor the
     check.  The store notified Mathew and Mathew returned the goods and cash to the store.

36. Approximately May 2007, Dereas notified Mathew that the tax returns he had prepared for him
     were no good and that the IRS wanted to be paid back.  Mathew's asked Dereas what would
     happen if he didn't go to Horiguchi to speak with the IRS and Dereas informed he that, "its
     going to be big trouble."

37. Dereas informed Mathew that it's not good to file twice (IRS & CNMI).

38. Dereas never offered to repay any of the appreciation money back to Mathew.

Witness Statements (continued):

39. On February 12, 2008, I interviewed Thompson Chipwelong.  Chipwelong told me he lived in
     Saipan for all of 2006 and worked for Garmen Manufacturing, in the warehouse of a garment
     factory in Saipan.

40. Chipwelong knows Luciano Dereas (Dereas) as his "Uncle Julius". Chipwelong has known Dereas since he was a kid.

41. Chipwelong first heard Dereas was involved with preparing tax returns and EIC (Earned Income Credit) from his "Auntie", who told Chipwelong his uncle, Dereas, could prepare a tax return and EIC (Earned Income Credit) for him.

42. Chipwelong went to see Dereas at his (Dereas') house in Kagman (on Saipan). Chipwelong asked Dereas if he could prepare his income tax return with EIC for 2006. Dereas told Chipwelong "okay", that he could prepare a tax return for him. Dereas asked Chipwelong for his 2006 Form W2 and his SSN. Dereas also asked to have the SSN for each of Chipwelong's two children. Chipwelong provided Dereas the Form W2 and other information requested.

43. At Dereas' house in Kagman, Dereas did some paperwork and told Chipwelong he would be getting a refund in excess of $3,000.00. Dereas instructed Chipwelong to sign a tax form. Chipwelong does not recall looking at the information on the return or any paperwork Dereas prepared and Dereas did not provide him with a copy.

44. Dereas told Chipwelong he would express mail his tax return to the IRS.

45. Dereas did not ask for and Chipwelong did not provide Dereas an address in the Continental United States. Chipwelong's address on the Form W2 he gave to Dereas was his Post Office Box in Saipan. Chipwelong is not aware of what address Dereas used on the tax return he prepared for him.

46. Chipwelong was in Saipan all of 2006 and Dereas was aware of this. Chipwelong has never been to Oregon, Arkansas, or anywhere in the Continental United States.

47. Dereas told Chipwelong he would file his tax returns in the States (US Mainland).  Chipwelong had heard rumors people were doing this and was concerned.  Dereas, however, told Chipwelong, everyone is doing it. This made Chipwelong feel that it was okay and legal for him to file a U.S. Tax Return.  Dereas did not mention or say filing his return in the U.S. was illegal.

48. Dereas did not tell Chipwelong he had to pay him a fee for preparing his tax return.  Chipwelong, however, felt obligated and that he should give Dereas at least a $100.00 or $200.00 gift once he received his refund.

49. Chipwelong became aware there might be a problem when he went to the bank to withdraw money received from the IRS and could not.  Then Chipwelong read or heard in the news it was illegal for Saipan residents to filing for EIC and a lot of people were complaining.  Chipwelong went to talk to Dereas about the return he had filed for him.  Dereas told Chipwelong to be patient and not to be in a rush to find out what was going on.  Dereas told Chipwelong to wait 15 to 30 days before taking any action.

50. Chipwelong recalls Dereas prepared his tax return in April of 2007.  Dereas told Chipwelong it would take three to six weeks for him to receive his refund.

Witness Statements (continued):

51. On February 2, 2008, I interviewed Joanna Mallari.  Mallari told me prior to filing her 2006 income tax return; she did not know Luciano Dereas.  Mallari heard about Dereas from her co-worker at H-Mart, Isoruko Pokuku.  Pokuku told Mallari she was filing her taxes "off island" and she knew the people who were "doing" (preparing) the taxes.  Pokuku told Mallari if someone filed this way, they would receive their tax refund in just one or two weeks.  Pokuku also told Mallari if she filed in the U.S. (system) her refund would be around $2,000.00.

52. For 2005 and prior, Mallari always filed her tax returns with the CNMI. In her experience, the CNMI took a long time to issue tax refunds and the refund amount was typically only around $500.00. Pokuku offered to arrange to have Mallari's return prepared and Mallari agreed. Pokuku asked Mallari for information, including her SSN, her dependants' SSN, and for her 2006 Form W2. Pokuku only asked for the names and SSN for two children.

53. Mallari provided Pokuku her 2006 Form W2 issued by H-Mart and SSN's for Lindsay G. Mallari, and Brandon G. Mallari. Pokuku told Mallari "they" would file her taxes for her. Pokuku asked Mallari for $20.00 up front to pay for postage and filing expenses which Mallari paid to Pokuku in cash. Pokuku told Mallari if she did receive the refund she should pay the preparer "like 10 to 15 percent". Pokuku told Mallari she (Pokuku) also expected some money from Mallari when she received the refund.

54. Within a few days, Pokuku brought back a printed tax return she said was prepared by Luciano (Dereas). Pokuku told Mallari to sign it. Mallari signed the return and gave it back to Pokuku.

55. Mallari recalls the return she received from Pokuku indicated she would receive a refund in the amount of $2,791.00. Mallari did not receive an explanation as to why the refund was so much higher than when she was filing with Saipan. Mallari recalls the address on the return was not hers, but somewhere in the U.S. mainland and not Saipan or even Hawaii. Mallari never received an explanation for why the address was being used, but Pokuku said the refund check would be mailed to the U.S. address and forwarded to Luciano (Dereas) in Saipan. Mallari never met with Dereas directly during the preparation of her 2006 tax return.

56. Mallari does not recall any mention of how her 2006 return would be filed or the method, whether by mail, paper, or electronically.

57. Mallari did not provide her bank account number to Pokuku and she was not expecting to receive the refund via direct deposit. Mallari waited, expecting to receive the refund in one or two weeks.

58. Mallari continued waiting for about three weeks when her co-worker (Pokuku) told her the check was already there. Mallari went with Pokuku to Dereas' house, but he was not there. Pokuku arranged a meeting with Dereas at her house in Gualorai in Saipan. At about 7:00 PM, Mallari met Luciano Dereas who came with his wife.

59. It was dark at the time of the meeting and Mallari could not clearly see the man who identified and introduced himself as "Luciano". Luciano told Mallari he had her check. Then Pokuku handed Mallari a check and suggested she give Luciano some money in an amount of around $300.00. Mallari gave Dereas $300.00 in cash. Mallari then gave Pokuku $100.00 in cash for helping her with the return. That same night, Mallari went shopping at the Happy Market in Garapan where she cashed the check received from Dereas and Pokuku.

60. Mallari first became aware there might be a problem in or about May of 2007, when she read an article in the newspaper. The article stated that people in Saipan could not file tax returns with the U.S. and that people had been doing so incorrectly. Mallari read that the IRS would be in the Horiguchi Building to help people. In May of 2007, Mallari went to the Horiguchi Building in Garapan, Saipan and met with Beth, an IRS employee.

Witness Statements (continued):

61. On March 27, 2008 I interviewed Ferlina Mori. Ferlina Mori knows Julius Dereas as just a friend. Ferlina Mori is not related to Dereas. Julius Dereas goes by the name Luciano (Dereas).

62. By 2006, Ferlina Mori knew Dereas was preparing tax returns for people in the community of

1     Saipan and Ferlina Mori asked Dereas to prepare one for her.  This was the first time Ferlina

2     Mori filed a return with Dereas.  Previously Ferlina Mori had filed her returns on Saipan.

3     Dereas told Ferlina Mori filing with the IRS on the U.S. mainland was faster and she would get

4     more money back by filing in the U.S. with the IRS.

5

6   63. Dereas prepared a 2005 tax return for Ferlina Mori in Saipan.  Dereas mailed the return to

7     Ferlina Mori in Oregon separately from any other return.  Ferlina Mori recalls unlike other

8     returns she received from Dereas, the envelope was open.  Ferlina Mori had to take the return

9     out and sign it.

10

11   64. Ferlina Mori received her 2005 tax return from Dereas with the information already filled out,

12     including her address.  Ferlina Mori had provided Dereas with the address along with her Form

13     W2.  Ferlina Mori lived in Saipan and worked at DFS during all of 2005, and Dereas knew this

14     Ferlina Mori also told Dereas her Social Security Number.

15

16   65. Dereas asked Ferlina Mori to provide the names and SSN's of other persons for her to claim on

17     her 2005 tax return.  Dereas told Ferlina Mori it was okay for her to claim dependants of others

18     (that were not hers) on her return.  Ferlina Mori provided Dereas the information as requested.

19

20   66. The 2005 tax return Dereas prepared for Ferlina Mori was handwritten by Dereas.  Dereas told

21     Ferlina Mori to sign and mail the return to the IRS at an address in California which Ferlina

22     Mori did.

23

24   67. Kokchy Mori is Ferlina Mori's husband's real name.  Kokchy Mori also goes by Mario Mori.

25

26   68. Dereas also prepared tax returns for Mario Mori.  Mario Mori signed the returns and Ferlina

27     Mori mailed them.  Mori examined a copy of a 2005 Federal Income Tax Return (Form 1040A)

28     for Kokchy Y. Mori obtained from IRS records and presented by Special Agent Wyly.  Ferlina

Mori recalls seeing the return with Mario Mori's brother's address on Pua Lane in Hawaii already filled out.  Ferlina Mori does not recall seeing the attached envelope.  Ferlina Mori does not recognize the handwriting of the address information on the return.  It does not appear to be hers or that of her husband.  Ferlina Mori recognizes the signature on the return as that of her husband.

69. Mario Ferlina Mori's brother lives on Pua Lane in Hawaii.  In or about August of 2006, when Ferlina Mori and her husband moved to Oregon they stopped by Mario Ferlina Mori's brother's house for a few days.

70. Ferlina Mori and her husband did not get the refund shown on the 2005 return for Kokchy Y. Mori.  According to the IRS, this was because one child, Ferlina Mori's daughter, listed as a dependant was overage.

71. Ferlina Mori recalls sending tax information to Mario Mori's brother in Hawaii for filing her husband's tax return.

Possession of the Containers (envelopes) to be Searched:

72. On March 27, 2008, Ferlina Mori was interviewed by investigators.  Ferlina Mori told me she is married to Kokchy Mori.  Kokchy Mori also uses and is commonly know by the name "Mario" Mori.  Ferlina Mori and her husband resided at ████████████████████████ ████████████ during 2006 and 2007.

73. Ferlina Mori told investigators Dereas prepared and filed tax returns for people in Saipan and sent them to her and her husband in Oregon to submit them.  Dereas asked Ferlina Mori to do this for him, which Ferlina Mori did as a favor.

74. Ferlina Mori only sent returns for Dereas one time that she recalls.  Ferlina Mori sent "a lot,

- 19 -

like 10" returns for Dereas.

75. Ferlina Mori received at least two batches returns from Dereas through the U.S. Postal Service via Priority Mail at her residence. The returns were received all together in one Priority Mail envelope. Inside the returns were already sealed in envelopes, addressed, stamped, and ready to mail to the IRS.

76. Prior to receiving the first batch of returns, Dereas had called Ferlina Mori and told her he would be mailing some tax returns to her. Dereas asked Ferlina Mori to mail the returns to the IRS when she received them and Ferlina Mori agreed. Ferlina Mori recalls she mailed the returns received from Dereas to the IRS in Fresno, California per Dereas' instruction.

77. Ferlina Mori did not receive anything else from Dereas in the envelopes with the returns. Ferlina Mori still had an envelope of returns received from Dereas in 2007. Dereas told Ferlina Mori the returns he was sending to her were for filing with the IRS for the 2006 tax year. The package came with the returns inside in sealed, stamped and addressed envelopes similar to those received the previous year. These 15 envelopes are more thoroughly described under locations to be searched, in paragraph 4 above.

78. Ferlina Mori produced a Priority Mail envelope containing 15 sealed, stamped and addressed envelopes from her records. The Priority Mail envelope is addressed to Ferlina Mori at ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which is where Ferlina Mori was living at the time she received it. The apartment is located in a different building in the same apartment complex she is living in now. Ferlina Mori moved to the 3211 building in the same apartment complex sometime in June of 2007.

79. I examined the return address information on the Priority Mail envelope produced by Ferlina Mori which indicated a return address of Julius Dereas ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1    The postmark indicates it was mailed March of 2007 from the Saipan Postal Zip Code 96950.

3  80. Ferlina Mori recognizes the handwriting on the outer Priority Mail envelope she received and
4    handwriting on the 15 inner envelopes as that of Luciano Dereas.

6  81. After Ferlina Mori mailed the first batch of envelopes she received from Dereas to the IRS, she
7    started receiving what appeared to be checks from the IRS in the mail.  The checks were for the
8    same individuals that were shown on the return addresses of the envelopes she had mailed to
9    the IRS for Dereas.  Ferlina Mori received a total of about 10 checks.

11 82. The checks from the IRS came over a period of time. Ferlina Mori telephoned Dereas in Saipan
12    and asked him what to do with the checks she was receiving from the IRS.  Dereas told Ferlina
13    Mori to mail them to him in Saipan.  Ferlina Mori did as Dereas instructed and mailed them to
14    Dereas at a P.O. Box in Saipan.  Ferlina Mori bundled up the checks she received and sent them
15    to Dereas all at once.

17 83. Ferlina Mori recalls she sent the first batch of envelopes received from Dereas to the IRS
18    around April of 2006.  She started receiving checks in June of 2006 and at the end of the month
19    she sent them to Dereas.  Ferlina Mori never sent a few of the checks she received from the IRS
20    later to Dereas and still has them.  Ferlina Mori does not believe Dereas knows she has these
21    checks.

23 84. Ferlina Mori produced two envelopes she received from the Department of the Treasury
24    Financial Management Service Regional Financial Center, P.O. Box 51315, Philadelphia,
25    Pennsylvania 19115-6315, which appeared to Ferlina Mori to contain checks.  The items were
26    addressed to the following individuals both at ⬛⬛⬛⬛⬛⬛
27    ⬛⬛⬛ and are more thoroughly described under locations to be searched in paragraph 4 and
28    Attachment A:

- 21 -

- Gregorio C Arriola
- Bernard Peter

85. Sometime after Ferlina Mori mailed the checks to Saipan, Dereas telephoned Ferlina Mori and told her he would be sending more tax returns to file. Then Ferlina Mori began to hear from friends and family in Saipan that people who had been filing returns with the IRS were having problems.

86. Some of the people Ferlina Mori had mailed tax returns for called her and asked her about their refunds. Ferlina Mori does not recall specifically which people called, but Ferlina Mori always told them she did not know anything.

87. Dereas never told Ferlina Mori not to mail the second batch of returns she received. Ferlina Mori decided not to send them after hearing about the problems people were having in Saipan filing with the IRS. Ferlina Mori thought it might not be a good idea. Ferlina Mori tried calling Dereas, but she never was able to get a hold of him. Ferlina Mori never spoke to Dereas. Ferlina Mori does not know if her husband spoke to Dereas or not.

88. All the letters and envelopes Ferlina Mori received from Dereas came pre-stamped and pre-addressed with the return address information already filled out.

89. Ferlina Mori did not keep track of the returns she received from Dereas in 2006 and mailed to the IRS. She did not keep any list of returns or checks. Ferlina Mori remembers the checks she received from the IRS corresponded to the envelopes Dereas sent her to mail to the IRS.

90. Ferlina Mori examined a copy of an envelope addressed to Internal Revenue Service Center, Fresno CA 93888-0015 attached to the 2004 tax return (Form 1040A) for Kernes E. Esner,

obtained from IRS records. Ferlina Mori believes the envelope looks familiar and that it was one of the ones she received via Priority Mail from Dereas in 2006. Ferlina Mori did not look inside the envelopes as they were all sealed when she received them. Dereas, however, had told Ferlina Mori he would be sending Ferlina Mori tax returns.

91. Ferlina Mori examined a copy of an envelope addressed to Internal Revenue Service Center, Fresno CA 93888-0015 attached to the 2004 tax return (Form 1040A) for Dien T. Mathew, obtained from IRS records. Ferlina Mori believes the envelope also appeared to be one of the ones she received via Priority Mail from Dereas in 2006 and mailed to the Internal Revenue Service.

92. Kernes Esner is the name of one of the individuals Ferlina Mori mailed an envelope for which she received from Dereas. Ferlina Mori also remembers receiving what appeared to be a check for Esner from the IRS which she mailed to Dereas in Saipan as instructed by Dereas. Ferlina Mori did not mail the check to Esner.

93. Ferlina Mori recalls receiving an envelope from Dereas with Dien Mathew's name in the return address. Ferlina Mori recalls receiving a check from the IRS addressed to Dien Mathew which she also mailed to Dereas in Saipan together with all the others.

94. The name Robert Kenty sounds familiar to Ferlina Mori and could be the name on one of the returns mailed by Ferlina Mori for Dereas.

95. Romeo Simon is one of the names on the envelopes Ferlina Mori received and mailed to the IRS for Dereas. Ferlina Mori recalls receiving a refund check for Romeo Simon which she mailed to Dereas' P.O. Box in Saipan.

96. Neiman Suda is one of the names on the envelopes Ferlina Mori received from Dereas and

- 23 -

mailed to the IRS.  Ferlina Mori recalls receiving a refund check for Neiman Suda which she
mailed to Dereas' P.O. Box in Saipan as instructed by Dereas.

97. Savage Achime is one of the names on the envelopes Ferlina Mori received from Dereas and
mailed to the IRS.  Ferlina Mori recalls receiving a refund check for Savage Achime which she
mailed to Dereas' P.O. Box in Saipan as instructed by Dereas.

98. Kernes Esner is one of the names on the envelopes Ferlina Mori received from Dereas and
mailed to the IRS.  Ferlina Mori recalls receiving a refund check for Esner which she mailed to
Dereas' P.O. Box in Saipan as instructed by Dereas.

99. Ben Kintin is also one of the names on the envelopes Ferlina Mori received from Dereas and
mailed to the IRS.  Ferlina Mori recalls receiving a refund check for Ben Kintin which she
mailed to Dereas' P.O. Box in Saipan as instructed by Dereas.

100.  Bernard Peter is one of the names on the envelopes Ferlina Mori received from Dereas and
mailed to the IRS.  Ferlina Mori recalls receiving a refund check for Peter Bernard which she
never mailed to Dereas.

101.  Gregorio Arriola is one of the names on the envelopes Ferlina Mori received from Dereas and
mailed to the IRS.  Ferlina Mori recalls receiving a refund check for Gregorio Arriola which
she never mailed to Dereas.

102.  At the conclusion of the interview conducted by me, Ferlina Mori, turned over to
investigators documents in her possession related to tax returns mailed for or refund checks and
other correspondence received on behalf of Luciano Dereas, including those containers
(envelopes) more fully described in Paragraph 4 and Attachment A.

- 24 -

103. Based on my training and experience it is common for persons to file tax returns with the IRS and receive refund checks, notices, and other government correspondence through the US Mail at the address used on the return. I also know that Fresno, California 93888 is the address of the Internal Revenue Service Center where taxpayers claiming to be residents of Oregon are instructed mail their tax returns. Based on the forgoing I submit I have probable cause to search the envelopes received by Mario and Ferlina Mori for evidence related to tax returns and claims for EIC prepared by Luciano Dereas.

## **Applicable Statutes**

104. This affidavit is made in support of an application for a search warrant to search for and seize evidence of violations of 26 USC § 7206(2); adding assisting in filing of false tax return(s)and 18 USC § 287; filing of false, fictitious or fraudulent claims. These criminal statutes are as follows:

**False Returns**

Title 26, United States Code, Section 7206(2) states:

Any person who willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under , the internal revenue laws, of a return affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document shall be guilty of a felony and upon conviction thereof, shall be fined not more than $100,000, or imprisoned not more than three years, or both, together with the costs of prosecution.

**False Claims**

Title 18, United States Code, Section 287 states:

- 25 -

Any person required under this title to pay any estimated tax or tax, or required by this title of by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, shall in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $100,000, or imprisoned not more than one year, or both, together with the costs of prosecution.

## Conclusions of the Affiant

26 USC 7206(2) – False Return

105. The elements of a violation of Title 26 USC 7206(2) are (1) the person aided or assisted in, or procured, counseled, or advised the preparation or presentation of a return, affidavit, claim, or other document which involved a matter arising under the Internal Revenue laws; (2) the return, affidavit, claim, or other document was fraudulent or false as to a material matter; and (3) willfulness.

106. With respect to the first element of Title 26 USC 7206(2), Dereas prepared and filed multiple income tax returns with the Internal Revenue Service for individuals and residents of Saipan and the CNMI including the following:

| Name | Tax Year | EIC | Refund |
|------|----------|-----|--------|
| Dien Mathew | 2004 | $ 1738 | $ 5843 |
| Thompson Chipwelong | 2006 | $ 3070 | $ 3144 |
| Joanna Mallari | 2006 | Unknown | $ 2791 |
| Ferlina Mori | 2005 | $ 4400 | $ 4805 |

107. With respect to the second element of Title 26 USC 7206(2), the tax returns filed by Dereas were false as to a material mater in that the amount of refund claimed on line 45a of Form 1040A of the returns.

108. With respect to the third element of Title 26 USC 7206(2), Dereas demonstrated his willfulness of aiding in the preparation and filing of false returns by concealing the true location and residence of the individuals listed on the return. Dereas used intermediaries in Oregon, Arkansas and elsewhere to conceal from the IRS that the returns were being filed from persons residing on the island of Saipan in the CNMI. Dereas used the addresses of these intermediaries on the returns and on the return address envelopes mailed to the IRS. Dereas stated he knew the address information on the tax returns he prepared was "false". Furthermore, Dereas arranged to mail the returns in bundles to these intermediaries to mail them from inside the State of Oregon, the State of Arkansas, and elsewhere because if he did not, the refunds would not come.

18 USC 287 – False Claims

109. The elements of a violation of Title 18 USC 287 are: (1) making or presenting a claim to a department or agency or the United States; (2) the claim was false, fictitious, or fraudulent; and (3) knowledge that the claim was false, fictitious, or fraudulent.

110. With respect to the first element of Title 18 USC 287, Dereas filed the tax returns he prepared claiming refunds with the United States Department of the Treasury, Internal Revenue Service at various locations, including the Internal Revenue Service Center located in Fresno, California.

111. With respect to the second element of Title 18 USC 287, the returns filed by Dereas were false, fictitious, or fraudulent in that they contained claims for refundable portions of the EIC for residents of the island of Saipan in CNMI. As bona fide residents of CNMI these

- 27 -

individuals are not entitled to receive the refundable portion of the credit.

112. With respect to the third element of Title 18 USC 287 related to Dereas' knowledge the claims he filed were false, fictitious or fraudulent, Dereas demonstrated his knowledge by telling investigators he knew the address information he was providing on the returns were "false" and that he used an address on the returns in the U.S. mainland because if he used an address in Saipan, the refunds would not come. Dereas further demonstrated his knowledge by arranging to have the claims he was filing forwarded to individuals at addresses in the mainland United States for filing with and receiving refund checks from the Internal Revenue Service.

113. Furthermore, with respect to the third element of Title 18 USC 287; Dereas demonstrated his knowledge when he concealed the false, fictitious, or fraudulent claims, used addresses in Oregon, Arkansas, and elsewhere on the returns themselves. Dereas then filed these returns claiming refunds of the EIC and income tax withholdings. Dereas further demonstrated his knowledge and concealed the false, fictitious, or fraudulent claims, by having the refund checks from the U.S. Government mailed to addresses in Oregon, Arkansas, and elsewhere and providing instruction to the recipients to forward the items received to himself in the CNMI on the island of Saipan.

114. I have presented this affidavit to Assistant United States Attorney Eric S. O'Malley and he has advised me that, in his opinion, the proposed warrant is in proper form and is supported by probable cause.

Accordingly, I respectfully request a search warrant for the locations described in Attachment A and for the items described in Attachment B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.

Craig Wyly
Special Agent, IRS Criminal Investigation

Subscribed and sworn to before me this _____ 27th _____ day of May 2008.

_____
THE HONORABLE ALEX MUNSON
UNITED STATES MAGISTRATE JUDGE

- 29 -

## Attachment A

## **LOCATIONS TO BE SEARCHED**

Based on the information contained in this affidavit, I am requesting a warrant to search the following locations, containers, or envelopes:

    1   Windowed envelope (sealed and unopened) addressed to Gregorio Arriola from Department of the Treasury Financial Management Service Regional Financial Center, P.O. Box 51315, Philadelphia, Pennsylvania 19115-6315

    2   Windowed envelope (sealed and unopened) addressed to Peter Bernard from Department of the Treasury Financial Management Service Regional Financial Center, P.O. Box 51315, Philadelphia, Pennsylvania 19115-6315

    3   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Ham M. Kikku ███████████

    4   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Baldasar Likisap ███████████

    5   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Binar N. Sambile ███████████

    6   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Cyril Rabauliman ███████████

7   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from Rana Tisa ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

8   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from Sanrine Nuwekin ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮

9   Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from Erenio Cholymay ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

10  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from Kasimiro Christian ▮▮▮▮▮▮▮
▮▮▮▮▮▮

11  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from Baileen Kintin Apt. ▮▮▮▮▮▮▮
▮▮▮▮▮▮

12  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from Flapia Philling ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

13  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service
Fresno, CA 93888-0002 from William S. Kaipat ▮▮▮▮▮▮▮
▮▮▮▮▮▮

14  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Jeania L. Sokau ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

15  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Mismar K. Misaro ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

16  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Rising Aiken ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

17  Stamped envelope (sealed and unopened) addressed to Internal Revenue Service Fresno, CA 93888-0002 from Timothy Reyes ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

18  Envelope (sealed and unopened) from IRS Department of the Treasury Internal Revenue Service Fresno, CA 93888-0034 addressed to Neiman S. Suda at ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

19  Envelope (sealed and unopened) from IRS Department of the Treasury Internal Revenue Service Fresno, CA 93888-0025 addressed to Neiman S. Suda at ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

20  Sealed and unopened envelope from Social Security Administration PO Box 33018 Baltimore, MD 21290-3018 addressed to Dien T. Mathew ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

## ATTACHMENT B-DESCRIPTION OF ITEMS TO BE SEIZED:

The following described documents, records, correspondence, and other information pertaining to the income tax returns prepared or refunds received by or at the direction of Luciano Dereas for tax years 2003, 2004, 2005, and 2006 including;

1) Copies of federal, state, and local tax returns forms and related documents including but not limited to Form 1040, 1040A, 1040EZ, Schedule EIC and other related tax forms and tax documents.  Tax records such as forms 1099 and W-2 forms and documentation or correspondence evidencing dealings with taxing authorities.

2) Records of payment of refunds issued by the United States Treasury or other governing authorities, including but not limited to: checks, official checks, correspondence, other bank related transaction documents, and any and all documents relating refunds claimed regardless if the claim or refund was actually issued or not.

3) Records, documents, correspondence, other articles or information identifying the names, location, years or returns involved, or other identifying information about individuals for whom tax returns were prepared or submitted.

Further Affiant sayeth not.

Dated this 27th day of May, 2008.

_____
Craig W. Wyly, Special Agent
Internal Revenue Service, Criminal Investigation

**SUBSCRIBED AND SWORN** to before me this **27**th day of May, 2008. 11:25am

_____
ALEX R. MUNSON
United States District Judge

- 33 -